```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

RAJKA SUBARIC,                       )
                                     )
            Plaintiff,               )
                                     )
     v.                              )   No.  11 C 9222
                                     )
INTERNATIONAL BROTHERHOOD            )
TEAMSTERS LOCAL #781,                )
                                     )
            Defendant.               )
```

MEMORANDUM ORDER

Rajka Subaric ("Subaric") has used the Clerk's-Office-supplied form of Complaint of Employment Discrimination to charge her union, International Brotherhood of Teamsters Local #781 ("Local 781"), with having denied her fair representation in dealing with her employer, United Airlines, because of her sex. This memorandum order is issued sua sponte to call for something more than Subaric's Complaint and its attached exhibits have asserted in that respect.

Because the printed Complaint form is so skeletal in nature, the most informative part of Subaric's filing is contained in the Charge of Discrimination that she lodged with the Illinois Department of Human Rights and EEOC. Although that document sets out quite a detailed account of Subaric's grievance vis-a-vis United Airlines, all that is said on the key issue for the current litigation is contained in paragraphs 25 through 27 of that submission:

> 25. Respondent Teamster Union officials are aware

>    of Complainant's sex, female.
>
>    26.  Complainant is a union member in good standing.
>
>    27.  Respondent Teamster Union has failed to provide this union member with fair representation which it is providing its sex, male union members because of her sex, female in violation of the Illinois Human Rights Act.

That conclusory assertion is highly problematic in terms of the "plausibility" requirement that the <u>Twombly</u>-<u>Iqbal</u> canon now requires of any plaintiff. Accordingly, to confirm Subaric's ability to invoke the provisions of 42 U.S.C. §2000e-2(c)(in that regard see <u>Maalik v. Int'l Union of Elevator Constructors, Local 2</u>, 437 F.3d 650, 652 (7th Cir. 2006)), she is ordered to flesh out that generalized allegation on or before January 23, 2012. Such a supplement to her Complaint must at a minimum provide Subaric's basis for asserting that Local 781 handled comparable grievances brought by similarly situated male employees in a different fashion.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: January 5, 2012